IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL B. ZAMORA,

     Plaintiff,

vs.                                Civ. No. 97-522 JC\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed December 22, 1997.  The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits.  Plaintiff alleges a disability due to depression and residual impairments from a back, neck, and head injury.

2.  The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration.  After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications.  The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ failed to consider Plaintiff's impairments in combination at step three of the sequential evaluation process; 2) the ALJ did not support with substantial evidence his finding that the Plaintiff's mental impairment does not significantly reduce his residual functional capacity (RFC) to do light work; and 3) the ALJ erred when he failed to obtain vocational expert (VE) testimony at step five of the sequential evaluation process.

5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).

6.  Steps three and five of the sequential evaluation process are at issue in this case. At step three, the claimant may be found automatically disabled if he or she meets or equals a listed impairment.  20 C.F.R. §§404.1520(d); 416.920(d).  At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do work in the national economy other than past relevant work. 20 C.F.R. §§404.1520(f); 416.920(f).

7.  The Plaintiff argues first that the ALJ failed to consider his impairments in combination during the analysis at step three of the sequential evaluation process.  The regulations require that the Commissioner consider all impairments in combination when he is deciding the severity of the

claimant's impairments even if those impairments, if considered separately, would not be severe. 20 C.F.R. §§ 404.1523; 416.923.  The Commissioner has a duty to make specific and well articulated findings as to the effect of the combination of impairments.  **See Hawkins v. Heckler**, 600 F.Supp. 832, 837 (D.Kan. 1985).  Moreover, the Social Security Act requires that the Commissioner consider the combined impact of multiple impairments throughout the disability determination process.  **Zebley by Zebley v. Bowen**, 855 F.2d 67, 76 (3d Cir. 1988), **aff'd**, 493 U.S. 521 (1990).  The ALJ in this case found at step three of the sequential evaluation process that "[d]uring the times at issue, the severity of the claimant's musculoskeletal and mental impairments have not met or equaled any section set forth in the Listing of Impairments...."  Tr. 13.  The ALJ does not mention any consideration of the combination of the Plaintiff's impairments in making that finding.  Consequently, I find that the ALJ erred at step three by failing to consider the Plaintiff's impairments in combination .

8.  The Plaintiff argues next that the ALJ failed to support with substantial evidence his conclusion that the Plaintiff's mental impairment does not significantly diminish his RFC to do light work.  Dr. Padilla, Plaintiff's treating psychologist, reported in April 1995 that the Plaintiff "is not currently functioning at his premorbid [pre-accident] level."  Tr. 269.  Specifically, Dr. Padilla found that the Plaintiff's level of confidence and self-esteem are not at premorbid levels. **Id.**  Although Dr. Padilla noted that the Plaintiff has good results from anti-depression medications, he is nonetheless "'afraid to analyze' problems in too much depth for fear that he will return to the profound ruminations that accompanied his depression."  **Id.**  Dr. Padilla further observed that the Plaintiff continues to have mild organizational and memory problems.  **Id.** However, Dr. Padilla stated that the Plaintiff's ""mental endurance" is also compromised.

3

[Plaintiff] is not able to attend to cognitive tasks for extended periods of time.  These factors can affect his productivity and result in increased anxiety especially when faced with new tasks."  **Id.** Finally, Dr. Padilla indicated that the Plaintiff has trouble with "assertiveness in both family and business negotiations."  **Id.**  Dr. Padilla concluded that the Plaintiff's "prognosis is good if his environment continues to be supportive."  Tr. 270.

9.  In addition to Dr. Padilla's report, consulting psychiatrist, Dr. Balcazar, produced a report regarding the affect of Plaintiff's mental impairments on his ability to work.  Dr. Balcazar concluded that the Plaintiff "has adequate judgement to plan a work sequence.  From a psychiatric standpoint he could use tools and material for simple jobs as well as he could perform one or two step repetitive tasks at a competitive rate. [Dr. Balcazar] would not foresee difficulty in his interaction with coworkers and supervisory personnel."  Tr. 257.  Even so, Dr. Balcazar determined that the Plaintiff suffered from moderate to severe psychosocial stressors during the previous year and that optimal functioning during that year had been poor.  **Id.**

10.  In comparing the above respective reports, I note that a treating physician's opinion generally is favored over that of a consulting physician.  **See Reid v. Chater**, 71 F.3d 372 (10th Cir. 1995).  Moreover, I note that Dr. Balcazar's report is somewhat contradictory.  I, therefore, find that the ALJ failed to support with substantial evidence his finding that the Plaintiff's mental impairment did not significantly diminish his RFC.

11.  Lastly, the Plaintiff asserts that the ALJ erred by not obtaining a VE to aide him in making his step five determination.  When both exertional and nonexertional impairments diminish a claimant's residual functional capacity, `the [Commissioner] must produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy.'"

4

**Cruse v. U.S. Dept. of Health & Hum. Serv.**, 49 F.3d 614, 619 (10th Cir. 1995).  In this instance, as already determined, the ALJ failed to support with substantial evidence his finding that the Plaintiff's mental impairment, a nonexertional impairment, did not significantly reduce his RFC.  Additionally, the ALJ found that the Plaintiff's exertional impairments diminish his ability to work to a light level.  Tr. 15.  **See** Tr. 147, 155, 177-78, 180.  The Plaintiff argues that he actually has an RFC for less than light work.  Under these circumstances, I find that the ALJ should have obtained VE testimony to determine whether the Plaintiff can do other work under step five of the sequential evaluation process.

Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing.  Specifically, I recommend remanding this matter to the Commissioner so that he can consider the Plaintiff's impairments in combination at step three of the sequential evaluation process and obtain VE testimony should he reach step five of the sequential evaluation process.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____

Leslie C. Smith

5

UNITED STATES MAGISTRATE JUDGE